IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHASE TREVOR KAUFMANN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:22cv00060 |
| v. | ) | **MEMORANDUM OPINION** |
| DANIEL HILL, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Chase Trevor Kaufmann, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against Daniel Hill. Kaufmann seeks leave to proceed *in forma pauperis* with this action. Having reviewed Kaufmann's request and amended complaint, the court grants his request to proceed *in forma pauperis*, but concludes that Kaufmann has failed to state a cognizable federal claim against the Hill. Therefore, the court will dismiss Kaufmann's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

After the court advised him that his original complaint failed to state a cognizable claim against Hill (ECF No. 7), Kaufmann filed an amended complaint (ECF No. 8). In his amended complaint, Kaufmann alleges "use of excessive force to an inmate while in a restraint chair in intake, on camera." (ECF No. 8, at 2.) Kaufmann seeks $1.5 million.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). The Eighth Amendment protects inmates from cruel and unusual punishment. *See Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Williams v. Benjamin*,

77 F.3d 756, 761 (4th Cir. 1996). To succeed on an excessive-force claim, a prisoner must establish that "the officials acted with a sufficiently culpable state of mind" and that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quotation and alteration omitted); *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Despite being given the opportunity to amend his complaint, Kaufmann fails to allege any fact against Hill and, thus, the court cannot determine that Hill was involved at all in the alleged violation of Kaufmann's rights. Accordingly, the court will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. The court notes that this dismissal is without prejudice to Kaufmann's opportunity to refile his claims, with additional information, in a separate civil action, subject to the applicable statute of limitations.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Kaufmann.

**ENTERED** this 17th day of March, 2022.

>     */s/ Thomas T. Cullen*
>     HON. THOMAS T. CULLEN
>     UNITED STATES DISTRICT JUDGE